ATTORNEY FOR APPELLANT
John Pinnow
Greenwood, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General

FILED

Feb 03 2011, 11:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 02S03-1009-PC-501

CLIFTON MAURICIO,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Appeal from the Allen Superior Court, No. 02D04-0902-PC-7
The Honorable John F. Surbeck, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-1002-PC-130

**February 3, 2011**

**Shepard, Chief Justice.**

Clifton Mauricio was convicted of murder and sentenced to fifty years in prison at a moment when there were conflicting statutes on the books as respects the penalty for murder. We later resolved which of the two statutes should be applied, using the rule of lenity. The General Assembly subsequently amended the statute. Because we cannot say that the trial court

1

would have sentenced Mauricio to fifty years notwithstanding its reference to the statute later held inapplicable, we reverse the denial of post-conviction relief and remand for resentencing.

**Facts and Procedural History**

Mauricio shot two men, killing one, following a scuffle at a car wash. Mauricio was found guilty of murder[1] and battery, a class C felony.[2] He was given a sentence of fifty years for the murder and four years for battery, to be served consecutively. Mauricio's conviction was affirmed on direct appeal. Mauricio v. State, 683 N.E.2d 1329 (Ind. Ct. App. 1997).

Mauricio filed for post-conviction relief and was denied. The Court of Appeals gave him permission to file a successive petition. The trial court denied his successive petition, and the Court of Appeals affirmed, Mauricio v. State, No. 02A03-1002-PC-130, 2010 WL 2638480 (Ind. Ct. App. July 2, 2010). We granted transfer, and now reverse and remand for new sentencing.

**Standard of Review**

A petitioner appealing the denial of post-conviction relief stands in the position of one appealing from a negative judgment. Henley v. State, 881 N.E.2d 639 (Ind. 2008). "A petitioner must show that the evidence, taken as a whole, 'leads unerringly and unmistakably to a conclusion opposite that reached by the trial court.'" Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (quoting Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993)). We do not defer to

---

[1] Ind. Code § 35-42-1-1(1) (2008).
[2] Ind. Code § 35-42-2-1(a)(1) (Supp. 2010).

2

the trial court's legal conclusions, but we will reverse only on a showing of clear error. Henley, 881 N.E.2d at 645.

## Ineffective Assistance of Counsel

Mauricio argues that his appellate counsel was ineffective for not arguing that he was sentenced under the incorrect statute. To make out a claim for ineffective assistance of counsel, the petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In 1994, the General Assembly twice amended Indiana Code § 35-50-2-3, which sets the penalty for murder. The first amendment set a fifty-year presumptive sentence with a sixty-year maximum sentence and a forty-year minimum sentence. P.L. 164-1994, § 2, 1994 Ind. Acts 1880, 1881 (approved Mar. 11, 1994). The second amendment set a forty-year presumptive sentence, with a sixty-year maximum sentence and a thirty-year minimum sentence. P.L. 158-1994, § 5, 1994 Ind. Acts 1849, 1853 (approved Mar. 15, 1994). The second amendment did not incorporate the first amendment, which meant that there were two sentencing statutes in force from July 1, 1994, until May 5, 1995, when the statute was corrected. Mauricio committed his crime on July 17, 1994. (Trial R. at 9.)

We addressed this problem of conflicting statutes in Smith v. State, 675 N.E.2d 693 (Ind. 1996). We held that P.L. 158-1994 with its forty-year presumptive sentence was the correct statute to use during this time period.

Since then, we have handled murder cases from this era in one of two ways. First, we have sometimes remanded for new sentencing when trial courts have based their sentences on P.L. 164-1994's fifty-year presumptive sentence. E.g., Crain v. State, 736 N.E.2d 1223, 1241–42 (Ind. 2000). Second, we have sometimes affirmed sentences imposed using P.L. 164-1994 where there was clear intent on the part of the trial court to impose a specific term in prison

3

without any reliance on a presumption of fifty years.  E.g., Jackson v. State, 697 N.E.2d 51, 56 (Ind. 1998).

In this case, the State asked for the maximum sentence, which the sentencing judge described as "real tempting." (Trial R. at 168.) The sentencing judge then said, "I'm going to find that there are no mitigating circumstances here except perhaps your young age.  There are substantial aggravating circumstances."  (Trial R. at 167.)  Finally, the judge then said, "I'm going to order you committed to the Department of Corrections for a period of 50 years, the presumptive sentence on [the murder count]."  (Trial R. at 169.)

Mauricio's counsel clearly should have raised this sentencing claim on direct appeal.  To be sure, it is plausible that the trial judge could have intended to sentence Mauricio to fifty years for reasons unrelated to P.L. 164-1994.  From this record, however, we cannot say that the trial judge clearly intended to sentence Mauricio to fifty years as a specific term rather than as the presumptive sentence.  This is sufficient to meet the Strickland test on prejudice.

As in other cases where this Court has remanded for new sentencing, the trial court may (1) issue a new sentencing order without taking further action; (2) order additional briefing on the sentencing issue and then issue a new order without holding a new sentencing hearing; or (3) order a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issue a new order based on the presentations of the parties.  Taylor v. State, 840 N.E.2d 324, 342 (Ind. 2006).

## Conclusion

We reverse the post-conviction court and remand to the trial court for resentencing.  The trial court may use its discretion to impose any appropriate sentence when it resentences Mauricio.

4

Dickson, Sullivan, Rucker, and David, JJ., concur.