Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**CORY J. LIGHTNER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHN ROGERS, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No. 10A05-1109-PC-525 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Respondent. ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-0910-PC-388

**February 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, John Rogers (Rogers), appeals the post-conviction court's denial of his petition for post-conviction relief.

We affirm.

## ISSUE

Rogers raises two issues on appeal, one of which we find dispositive and restate as: Whether the post-conviction court erred in finding that Rogers' trial counsel rendered him effective assistance.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2002, Carl A. Waters (Waters) and Chris P. Deaton (Deaton) were returning home from a visit with Waters' father at 1:15 a.m. when they noticed two males standing near a window of the restaurant where Waters resided. Waters and Deaton kept walking but tried to remain quiet until they got closer. As they approached, the two males saw Waters and Deaton and began running. The unidentified males jumped over a fence and into a soybean field. Waters and Deaton chased them until they lost track of them at the other end of the field.

When Waters and Deaton returned to the restaurant, Waters observed a broken hole in an east side window that led into his residence at the rear of the restaurant. Waters also noticed that while the window had been locked before he left, the latch was up and the window was open about an inch.

2

The next steps in the course of events is unclear, but it is apparent that Waters and Deaton later discovered Rogers' truck in the parking lot of a nearby high school. The high school security guard contacted the Clark County Sheriff's Office to report the truck. Investigating officers discovered a wallet in the cab of the truck, which contained Rogers' driver's license. Based on the driver's license photo, Waters and Deaton confirmed that Rogers was one of the men they had seen outside the restaurant.

Clark County Police Officers conducted searches of the surrounding areas and eventually came across Rogers, who ran when he spotted the police units. Rogers ran towards a field, and the police officers followed him, along with a law enforcement canine. When the police officers illuminated Rogers with a light, he dropped to the ground and attempted to hide. Police Officer Thomas Higdon used his loudspeaker to advise Rogers to give up and that there was a law enforcement canine near him. Rogers jumped up from his hiding spot and ran towards the center of the field, so the officers and the law enforcement canine chased him. Police Officer Keith McDonald (Officer McDonald) warned Rogers that he would release his canine if Rogers did not stop, but Rogers continued to run. As a result, Officer McDonald released his canine, and the canine apprehended Rogers.

On June 28, 2002, the State filed an Information charging Rogers with Count I, attempted burglary, a Class B felony, Ind. Code §§ 35-43-2-1, -5-1; Count II, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44-3-3; and Count III, mistreatment of a law enforcement animal, a Class A misdemeanor, I.C. § 35-46-3-11. On June 17,

3

2009, Rogers pled guilty to attempted burglary as a Class B felony pursuant to a plea agreement in which the State agreed to dismiss Counts II and III. The plea agreement also stipulated that the State would recommend a ten year executed sentence at the Indiana Department of Correction to run concurrently with Rogers' sentences in other causes. On July 14, 2009, the trial court accepted the plea agreement and sentenced Rogers in accordance with the State's recommendations.

On October 29, 2009, Rogers filed a petition for post-conviction relief, which he amended on April 14, 2011. On July 6, 2011, the post-conviction court held a hearing on Rogers' amended petition and on August 18, 2011, the post-conviction court issued findings of fact and conclusions of law denying Rogers post-conviction relief.

Rogers now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

On appeal, Rogers asks us to review the post-conviction court's determination that his trial counsel provided him with effective assistance. On appeal from the denial of post-conviction relief, a petitioner stands in the position of one appealing from a negative judgment. *Mauricio v. State,* 941 N.E.2d 497, 498 (Ind. 2011). In such cases, a petitioner must show that the evidence, taken as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* We do not defer to the post-conviction court's legal conclusions, but we will reverse only on a showing of clear error. *Id.* Moreover, we will only consider the probative evidence and all reasonable inferences therefrom that support the post-conviction court's determination

and will not reweigh the evidence. *Bigler v. State,* 732 N.E.2d 191, 194 (Ind. Ct. App. 2000)*, trans. denied.*

Turning to Rogers' claim, we recognize that the assistance of counsel is a right guaranteed to all criminal defendants by the Sixth Amendment to the United States Constitution and Article I, section 13 of the Indiana Constitution. In order to establish ineffective assistance of counsel, a defendant must fulfill both prongs of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied. Specht v. State,* 838 N.E.2d 1081, 1087 (Ind. Ct. App. 2005)*, trans. denied.* First, the defendant must prove that his or her counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms and, second, that the deficient performance prejudiced his defense. *Wesley v. State,* 788 N.E.2d 1247, 1252 (Ind. 2003). To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. *Id.*

When evaluating ineffectiveness claims, we are cognizant of the fact that there are countless ways to provide effective assistance in any given case. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. "Thus, there is a strong presumption that counsel rendered adequate assistance and used reasonable professional judgment." *Armstrong v. State,* 932 N.E.2d 1263, 1268 (Ind. Ct. App. 2010). Our supreme court has held that the presumption that an attorney has discharged his duty fully is overcome for purposes of

5

post-conviction relief only by showing that the attorney's action or inaction made the proceedings a mockery of justice and shocking to the conscience of the court. *Whitlock v. State,* 456 N.E.2d 717, 718 (Ind. 1983).

Rogers' primary argument on appeal is that his counsel did not properly investigate his charges because, if counsel had done so, counsel would have discovered that the State did not have enough evidence of Rogers' intent to commit a theft in Waters' residence sufficient to sustain a conviction for attempted burglary. I.C. § 35-43-2-1 states that "[a] person who breaks and enters the building or structure of another person, with the intent to commit a felony in it, commits burglary." To establish the intent to commit a felony element of a burglary charge, the State must prove beyond a reasonable doubt the defendant's intent to commit a felony specified in the charge. *Freshwater v. State,* 853 N.E.2d 941, 942 (Ind. 2006).

Rogers cites to a long list of cases that indicate that a defendant should not be charged with intent to commit a felony merely based on evidence of breaking and entering. For instance, Rogers notes *Gebhart,* in which the supreme court reversed an attempted burglary conviction based on insufficient evidence of intent to steal where the defendant was observed attempting to pry open the back door of a house with a tire iron. *Gebhart v. State,* 531 N.E.2d 211 (Ind. 1988). However, the instant case is different procedurally than any of the cases that Rogers cited. Each of the cases Rogers analyzed concerned a defendant who was convicted by a jury after a trial in which evidence was

presented by both sides. Accordingly, it was possible for this court or the supreme court to review the sufficiency of the evidence on appeal.

In contrast, Rogers pled guilty pursuant to a plea agreement before his trial commenced. We find these circumstances analogous to those in *Helton v. State*, 907 N.E.2d 1020, 1022 (Ind. 2009). In *Helton,* Elkhart County law enforcement obtained a warrant to search Helton's residence based on information from a confidential informant that Helton was selling methamphetamine from his home, as well as two anonymous complaints to the same effect. *Id.* During their search, police seized methamphetamine, marijuana, and drug paraphernalia from Helton's home. *Id.* Helton was arrested and charged with Class A felony possession of methamphetamine with intent to deliver and Class D felony possession of marijuana. *Id.* On the second day of his trial, Helton entered into a plea agreement with the State in which he agreed to plead guilty to dealing methamphetamine in exchange for the dismissal of his marijuana charge. *Id.*

Subsequently, Helton petitioned for post-conviction relief, alleging that his trial counsel was ineffective for failing to move to suppress the evidence recovered from Helton's home because the probable cause affidavit was based on uncorroborated hearsay from a confidential informant. *Id.* On appeal, the supreme court determined that it was not certain that the outcome of Helton's trial would have been different if his lawyer had moved to suppress the evidence. *Id. at 1024.* Therefore, Helton did not receive ineffective assistance of counsel. *Id.* The supreme court explained that:

> The record in this post-conviction appeal provides no indication as to what other evidence, if any, had been or was expected to be introduced in

Helton's trial beyond the inventory obtained in the search of Helton's home. A full day of Helton's trial went forward before the trial was cut short by Helton's guilty plea. The record of the trial was not introduced in the post-conviction hearing, and neither party indicated to the post-conviction court what other testimony or other evidence might be introduced against Helton. We have no pertinent discovery motions or witness lists, and no other materials that suggest what other evidence was involved in the case. The State claimed at Helton's sentencing hearing that it had introduced approximately twenty exhibits on the first day of trial. The post-conviction court also stated in its findings of fact that the State had not yet offered the drugs obtained from Helton's home. We might infer that the State had already introduced evidence against Helton that was not the product of the search, but on the sparse record before us, we simply do not know.

It is certainly the case that in some circumstances a claim of effective assistance of counsel can be established by showing a failure to suppress evidence. . . . But Helton bore the burden of proof at his post-conviction evidentiary hearing. It was thus incumbent on Helton—not the State—to show there was a reasonable probability of insufficient evidence if a suppression motion had been granted.

*Id.* at 1024.

Similarly, Rogers has not proven that there would have been insufficient evidence of his intent to commit theft had his case proceeded to trial. When he pled guilty, Rogers deprived the State of the chance to submit evidence of his intent. Therefore, the only evidence in the record is the probable cause affidavit. Because the State did not have a chance to present its evidence, it would be pure speculation if we were to find that there was insufficient evidence of Rogers' intent. Further, as we cannot find that there was insufficient evidence to convict Rogers of attempted burglary, we cannot find that Rogers

8

was denied effective assistance of counsel.  We conclude that the post-conviction court did not err in determining that Rogers received the effective assistance of counsel.[1]

## CONCLUSION

Based on the foregoing, we conclude that the post-conviction court did not err in denying Rogers' petition for post-conviction relief.

Affirmed.

FRIEDLANDER, J. and MATHIAS, J. concur

---

[1] Rogers also claims that his guilty plea was not knowing and voluntary because he did not know that there was insufficient evidence to convict him of attempted burglary.  As we have determined that there was not insufficient evidence to convict him of attempted burglary, we will not address this issue.