**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JONATHAN O. CHENOWETH**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jul 19 2012, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTWANE WALKER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1112-PC-1173 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49G02-0812-PC-288159

**July 19, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Antwane Walker (Walker), appeals the post-conviction court's denial of his amended petition for post-conviction relief.

We affirm.

## ISSUES

Walker raises two issues on appeal, which we restate as:

(1)     Whether Walker's convictions for five Counts of attempted robbery are supported by sufficient evidence; and

(2)     Whether appellate counsel provided ineffective assistance by not challenging the sufficiency of the evidence supporting Walker's convictions.

## FACTS AND PROCEDURAL HISTORY

In our memorandum opinion of *Walker v. State*, No. 49A02-0904-CR-344 (Ind. Ct. App. Dec. 8, 2009), we stated the facts as follows:

> During the evening of December 18, 2008, several people were present at Big Engine Entertainment, a recording studio in Indianapolis, while a recording was being made. Five armed men entered the building and robbed some of the occupants at gunpoint. Multiple shots were fired, and Collin Moore suffered a gunshot wound to his abdomen. Several witnesses identified Walker as one of the robbers. He had been observed running backwards, firing a semi-automatic handgun into the building.

On December 19, 2009, the State filed an Information charging Walker with Count I, attempted robbery, a class A felony, Ind. Code § 35-42-5-1; Count II, robbery, a Class B felony, I.C. § 35-42-5-1; Counts III-X, attempted robbery, Class B felonies, I.C. §§ 35-42-5-1, -35-41-5-1; Count XIV, criminal recklessness, a Class C felony, I.C. § 35-

2

42-2-2; and Count XVII, dangerous possession of a firearm, a Class A misdemeanor, I.C. § 35-47-10-5. On March 9, 2009, all five co-defendants, each represented by a different attorney, proceeded to a jury trial together. On March 12, 2009, following the presentation of the State's case-in-chief, the trial court granted a defense motion to dismiss Counts IV, VI, and IX. "The trial court reasoned that the alleged victims, Shontez, Cameron, and Brownlee, were not in proximity to the co-defendants, did not hear any commands from the co-defendants, nor have any specific interactions with the co-defendants that would indicate that the co-defendants intended to rob them." (Appellant's App. p. 66). At the close of the evidence, the jury found Walker guilty on all the remaining Counts.

On March 27, 2009, a sentencing hearing was held and the trial court sentenced Walker to twenty years imprisonment on Count I, ten years imprisonment on Counts II, III, V, VII, VIII, and X, four years imprisonment on Count XIV, and one year of imprisonment on Count XVII, with all sentences to be served concurrently, resulting in an aggregate sentence of twenty years imprisonment.

Each co-defendant took a separate direct appeal and was represented by a different appellate lawyer. Walker presented two issues on direct appeal: (1) the trial court's denial of his motion for mistrial and (2) the imposition of a supplemental public defender fee. On December 8, 2009, we affirmed Walker's conviction but remanded to the trial court for reconsideration of the supplemental public defender fee. This court reversed the convictions of co-defendant Johnnie Stokes on Counts I, attempted robbery, as a Class A

3

felony, and Counts III, V, VIII, and X, attempted robbery, as Class B felonies, and co-defendants Curtis Stokes and Antonio Walker on Counts III, V, and VIII, attempted robbery, as Class B felonies, as there was insufficient evidence that the co-defendants had intended to rob victims Arnold, Simmons, Winfield, or Shantell.

On December 9, 2010, Walker filed a petition for post-conviction relief, which was amended on June 1, 2011. On July 17, 2011, an evidentiary hearing was held on the amended post-conviction petition. Walker's appellate counsel testified that as part of her preparation for the direct appeal she reviewed the entire record in order to spot potential legal issues, and did not believe that sufficiency of evidence argument regarding the attempted robbery convictions was strong. On November 10, 2011, the post-conviction court denied relief, finding (1) Walker's free-standing claim of insufficient evidence was not available in a post-conviction relief proceeding, and (2) his appellate attorney had not rendered ineffective assistance of appellate counsel because her decision not to raise a sufficiency of the evidence issue was one of reasonable strategy.

Walker now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

On appeal from the denial of post-conviction relief, a petitioner stands in the position of one appealing from a negative judgment. *Mauricio v. State*, 941 N.E.2d 497, 498 (Ind. 2011). We do not defer to the post-conviction court's legal conclusions, but we will reverse only on a showing of clear error. *Id.* A post-conviction petition is a quasi-

4

civil remedy, and, as such, the petitioner bears the burden to prove by the preponderance of the evidence that he or she is entitled to relief. *Moody v. State*, 749 N.E.2d 65, 67 (Ind. Ct. App. 2001), *trans. denied.* In order to prevail on appeal, the petitioner must show that evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witness. *Id.*

## II. *Insufficiency of the Evidence*

Walker first contends that his attempted robbery convictions on Counts I, III, V, VIII, and X were supported by insufficient evidence and must therefore be reversed and vacated. The State responds that the sufficiency issue raised by Walker was available at the time of his direct appeal and cannot now be raised in post-conviction proceedings. Generally, post-conviction proceedings provide defendants with the opportunity to raise issues that either were not available on direct appeal or were not known at the time of the original trial. *State v. Hernandez*, 910 N.E.2d 213, 216 (Ind. 2009). Claims available on direct appeal but not presented are subsequently not available for post-conviction review. *Id.* Allegations of errors and most free-standing claims not raised on direct appeal are not available and are considered waived for purposes of post-conviction relief proceedings. *Williams v. State*, 808 N.E.2d 652, 659 (Ind. 2004). We agree with the State that in the present case, the sufficiency issue raised by Walker was clearly available at the time of his direct appeal and was in fact raised by Walker's co-defendants on appeal. Failing to

5

present the issue on direct appeal foreclosed Walker from raising the issue in post-conviction relief proceedings.

Walker attempts to avoid waiver by relying on the application of the fundamental error doctrine. The fundamental error doctrine is an exception to the waiver rule, but an extremely narrow one. *Canaan v. State*, 683 N.E.2d 227, 235 (Ind. 1997), *reh'g denied*. It is available only when the record reveals clearly blatant violations of basic and elementary principles of due process and the harm or potential for harm cannot be denied. *Id*. Following *Canaan*, Indiana's Supreme Court affirmed the concept that a fundamental error claim in post-conviction proceedings cannot be raised unless the petitioner can show deprivation of the right to effective counsel or issues were demonstrably unavailable at the time of trial or direct appeal. *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002). Specifically, we stated:

> The fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.

*Edington v. State*, 806 N.E.2d 310, 310 (Ind. 2004).

Walker points to a number of cases which he claims support his argument that our supreme court and this court have held that free-standing post-conviction claims of insufficient evidence are nevertheless cognizable. *See Koons v. State*, 771 N.E.2d 685, 688 (Ind. Ct. App. 2002) *trans. denied* (addressing sufficiency of the evidence claim that

6

was not raised on appeal), and *Badelle v. State*, 754 N.E.2d 510, 543 (Ind. Ct. App. 2001) (court of appeals chose to address defendant's sufficiency of evidence argument although it was not raised on direct appeal). We disagree with Walker's interpretation of the case law indicated in *Koons and Badelle.* Both cases were decided around the same time frame as *Sanders* and while the case law might not have been immediately settled at the time of the *Sanders* decision, once *Sanders* became precedent, all cases since have been decided as we do today: fundamental error, with respect to the sufficiency of the evidence presented at trial, cannot be raised in post-conviction relief proceedings. *Sanders*, 765 N.E.2d at 592.

### III. *Ineffective Assistance of Appellate Counsel*

Walker also contends that he received ineffective assistance from his appellate counsel. The effective assistance of counsel is a right that is guaranteed to all criminal defendants by the Sixth Amendment of the United States Constitution and Article I, Section 13 of the Indiana Constitution. Claims of ineffective assistance of counsel are analyzed according to the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied*; *Johnson v. State*, 693 N.E.2d 941, 951(Ind. 1998). *reh'g denied.* To prevail on a claim of ineffective assistance, the petitioner must demonstrate that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such there is "a reasonable

7

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Massey v. State*, 955 N.E.2d 247, 253 (Ind. Ct. App. 2011). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Generally, when ignored issues are clearly stronger than those presented, the presumption of effective assistance of counsel will be overcome. *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765 (2000).

> "Because all criminal defense attorneys will not agree on the most effective way to represent a client, 'isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.' Thus there is a strong presumption that counsel rendered adequate assistance and used reasonable professional judgment."

*Armstrong v. State*, 932 N.E.2d 1263, 1268 (Ind. Ct. App. 2010).

There are three different grounds for claims of ineffective assistance of appellate counsel: (1) counsel's actions denied the defendant access to appeal; (2) counsel failed to raise issues on direct appeal resulting in waiver of those issues; and (3) counsel failed to present issues well. *Massey*, 955 N.E.2d at 258. When evaluating a claimed deficiency in appellate representation due to an omission of an issue, as we will be doing here, a post-conviction court is properly deferential to appellate counsel's choice of issues for appeal, unless such a decision was unquestionably unreasonable. *Hampton v. State*, 961 N.E.2d 480, 491 (Ind. 2012). To constitute deficient performance by counsel, the

8

unraised issues must have been clearly more likely to result in reversal or an order for a new trial. *Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997).

Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied, cert. denied*, 537 U.S. 839 (2002). The effectiveness of counsel cannot be measured from the perspective of hindsight; instead, an attorney's performance can only reasonably and fairly be assessed based on the facts and circumstances before the attorney when the questioned decisions were made. *Bieghler v. State*, 481 N.E.2d 78, 96 (Ind. 1985). In making the determination of counsel's ineffectiveness, the court must view the facts as they existed at the time of counsel's conduct and may not speculate, with the advantage of hindsight, as to what may have been the most advantageous strategy in a particular case. *Williams v. State*, 489 N.E.2d 594, 597 (Ind. Ct. App. 1986).

Walker now contends that because the sufficiency of evidence issue was not raised, he received ineffective assistance of counsel. In support of his argument, Walker focuses on the successful direct appeal of his co-defendants. Four of Walker's co-defendants challenged the sufficiency of the evidence for Counts I, III, V, VIII, and X on direct appeal. One co-defendant received a reversal on each Count challenged; two others received a reversal on Counts III, V, VIII, and X, and the fourth co-defendant had each Count challenged on sufficiency of evidence affirmed.

9

Walker contends that since this court found insufficient evidence for three of his co-defendants, his counsel was necessarily ineffective because she did not also raise the issue on direct appeal. Walker runs into a dilemma even if he is successful in reversing Counts III, V, VIII, and X. Count I, the Class A felony, attempted robbery, constitutes his sentence in the entire case with ten year sentences for the Class B felonies, attempted robbery convictions, imposed concurrent with his sentence in Count I. Thus, the outcome of Walker's direct appeal would have had the same result of a twenty-year prison sentence had counsel raised a sufficiency of evidence challenge. In order to change the outcome of Walker's sentence, he must challenge Count I as well, which he now does. However, Walker argues that because co-defendant, Johnnie Stokes, had Count I vacated, he would have also been successful in reversing Count I. All four of Walker's co-defendants challenged Count I and only one, Johnnie Stokes, had a positive outcome. Therefore, the negative outcomes of the three out of four co-defendants for Count I are an indication that a sufficiency of evidence claim was not a strong or obvious claim to present on direct appeal.

Walker's appellate counsel testified at the evidentiary hearing that her decision to forgo raising the sufficiency issue was not a product of negligence, but rather a considered, strategic decision. Appellate counsel stated that she did not raise the sufficiency of evidence claim because she believed Walker and his co-defendants were working as two groups operating together and believed the perpetrators were accomplices and, thus, were jointly and severally liable. Walker's appellate counsel testified, "[she]

10

was under the impression that all of the alleged victims were being robbed during the incident as opposed to just one victim being robbed and the other victims just being present." (Post-Conviction Transcript. p. 8). Sufficiency of the evidence was an issue which could have been raised on appeal but after appellate counsel analyzed the trial evidence, she did not feel the issue was strong. Appellate counsel was also faced with a record where Walker's trial counsel had essentially presented the same argument to the jury who had then rejected that theory.

Based on the record available at the time of appeal, appellate counsel's choice of issues to present on direct appeal was a reasonable exercise of judgment which did not fall below the professional norm. Walker's appellate counsel's performance was not deficient in her representation nor has Walker demonstrated how he was prejudiced and deprived of a fair appeal by an alleged ineffectiveness of counsel. This court may not look back in hindsight and speculate as to whether raising the sufficiency of evidence claim would have presented a more favorable outcome.

Nevertheless, in an attempt to show how he was prejudiced by the actions of his appellate counsel, Walker cites to *Carew v. State*, 817 N.E.2d 281 (Ind. Ct. App. 2004). In *Carew*, we held that an appellate attorney's failure to raise an issue on direct appeal that later prevailed in a substantially similar case was held to have prejudiced his client. *Id.* at 288-89. Carew went to trial around the same time another case sharing a substantially similar issue went to trial. Both trial counsel attorneys, while coordinating

11

together, were denied the opportunity to present evidence at trial and both defendants were convicted as charged. Appellant counsel for *Carew* did not challenge the exclusion of evidence on direct appeal while appellate counsel for the other party did, leading to an order of a new trial by our supreme court. *Id*. at 284. In *Carew*, the trial counsel went to great lengths to preserve the exclusion of the expert witness' testimony on appeal. *Id*. at 286. He conducted two in depth offers of proof on expert witness testimony and attempted to suppress a statement by the defendant before trial. *Id.* at 284. Carew's trial counsel also informed the appellate division, as well as appellate counsel of the importance of the exclusion of the expert's testimony and even suggested appellate counsel supplement his brief. *Id.* at 286. Appellate counsel also had strong precedent in favor of his client but chose not to challenge the exclusion of opinion testimony at trial. *Id.* at 287. Based on these facts, *Carew* is distinguishable from the case at hand because, unlike *Carew*, Walker's appellate counsel was not made aware of the importance of a particular issue by trial counsel, nor was there strong precedent in favor of her client that she ignored. Instead, she used what she believed provided her sufficient support in the trial record to raise issues on direct appeal which would be most beneficial to her client. Also, counsel for Walker and his five co-defendants did not coordinate together in deciding what issues should be preserved for direct appeal. Finally, the issue presented in *Carew* amounted to a clear legal question; here the issue is fact-based.

Based on the facts available to appellate counsel at the time she reviewed the record and selected the issues to challenge, we cannot conclude that Walker's appellate

12

counsel's decisions fell below any objective standard of reasonableness. Accordingly, we conclude that Walker was not denied effective assistance of counsel.

CONCLUSION

Based on the foregoing, we conclude that: (1) Walker's claim that his convictions for attempted robbery were not supported by sufficient evidence is waived and; (2) the post-conviction court did not err in finding that Walker received effective assistance of counsel.

Affirmed.

NAJAM, J. and DARDEN, J. concur