**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 19 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ALBERT HARRIS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALBERT HARRIS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-PC-386 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
The Honorable Ann Flannelly, Commissioner
Cause No. 49F09-9503-PC-40173

October 19, 2012

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Petitioner, Albert Harris (Harris), appeals the post-conviction court's denial of his petition for post-conviction relief.

We affirm.

## ISSUES

Harris raises two issues on appeal, which we restate as the following three issues:

(1) Whether the post-conviction court erred in denying his claim that the trial court did not properly advise him of the minimum possible sentence he could receive before pleading guilty;

(2) Whether the post-conviction court erred in denying his claim that his judgment of conviction was inappropriately entered by a master commissioner; and

(3) Whether the post-conviction court erred in denying his claim that the trial court's judgment was void because the trial court failed to sign his abstract of judgment.

## FACTS AND PROCEDURAL HISTORY

On March 22, 1995, Police Officer David Schutz (Officer Schutz) of the Marion County Police Department received a radio dispatch concerning a stolen 1984 gray Chevy van with temporary plates. While en route to the location of the theft, he turned eastbound at an intersection and saw a vehicle matching the stolen van's description traveling in the same direction. At that point, the driver of the van, later identified as Harris, began "accelerating in an erratic manner." (G.P. Transcript p. 7). He crossed the

2

double yellow line into the westbound lane in an attempt to overtake and pass a smaller gray vehicle that was traveling eastbound. Officer Schutz activated his emergency lights and pursued Harris. Harris continued to accelerate but lost control of his vehicle. The vehicle skidded, veered to the right, and eventually flipped over onto its side. Officer Schutz got out of his vehicle and observed Harris attempting to flee but apprehended him before he could.

On June 7, 1995, the trial court held a hearing and Harris pled guilty to Count I, auto theft, a Class D felony.[1] In exchange, the State dismissed Count II, resisting law enforcement, as well as charges against Harris in another Cause. That same day, the trial court sentenced Harris to 545 days executed.

On September 23, 2011, Harris filed a petition for post-conviction relief in which he claimed that: (1) his guilty plea was not made intelligently, knowingly, or voluntarily because the trial court failed to advise him that he could be sentenced to a Class A misdemeanor instead of a Class D felony; (2) the judgment of conviction was improper because it was not signed by a judge; and (3) the abstract of judgment was not signed by the trial court. On February 8, 2012, the post-conviction court held a hearing on the petition and denied all of Harris' claims.

Harris now appeals. Additional facts will be provided as necessary.

---

[1] Harris has failed to provide an Appellant's Appendix that complies with the requirements of Indiana Appellate Rule 50(A). His Appendix does not include copies of the Chronological Case Summary, his petition for post-conviction relief, his charging Information, or his plea agreement. Accordingly, we do not know the exact date or nature of his charges. Nevertheless, we will attempt to address his arguments based on the record before us.

DISCUSSION AND DECISION

On appeal from the denial of post-conviction relief, a petitioner stands in the position of one appealing from a negative judgment. *Mauricio v. State,* 941 N.E.2d 497, 498 (Ind. 2011). In such a case, a petitioner must show that the evidence, taken as a whole, leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Id.* We do not defer to the post-conviction court's legal conclusions, but we will reverse only on a showing of clear error. *Id.* Moreover, this court will only consider the probative evidence and all reasonable inferences therefrom that support the post-conviction court's determination and will not reweigh the evidence. *Bigler v. State,* 732 N.E.2d 191, 194 (Ind. Ct. App. 2000)*, trans. denied.*

## I. *Guilty Plea Advisements*

First, Harris argues that he did not intelligently, knowingly, or voluntarily enter into his plea agreement because the trial court did not inform him of the possibility that he could be sentenced for a Class A misdemeanor rather than a Class D felony. Before a criminal defendant pleads guilty, the trial court is required to advise the defendant of the maximum and minimum possible sentences for the offenses to which he is pleading guilty. I.C. § 35-35-1-2. At the time of Harris' offense, the maximum possible sentence for a Class D felony was three years' imprisonment, and the minimum sentence was six months' imprisonment. I.C. § 35-50-2-7(a) (1993).[2] However, pursuant to I.C. § 35-50-

---

[2] We will evaluate Harris' claims under the sentencing statute in effect in 1995, as our supreme court declared in *Gutermuth v. State,* 868 N.E.2d 427, 431 n. 4 (Ind. 2007) that the sentencing statute in effect at the time a crime is committed governs the sentence for that crime.

2-7(b) (1993), "notwithstanding subsection (a), if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." Harris points to this provision as evidence that the trial court should have advised him that he could be sentenced for a Class A misdemeanor rather than a Class D felony. We disagree.

I.C. §§ 35-50-2-7(b)(1),-(2) (1993) list certain exceptions to the trial court's ability to sentence a defendant for a Class A misdemeanor rather than a Class D felony. I.C. § 35-50-2-7(b) (1993) states: "however, the court shall enter a judgment of conviction of a Class D felony if . . . (2) the offense is auto theft (I.C. § 35-43-4-2.5)." Thus, because Harris was convicted of auto theft as a Class D felony, the trial court did not have the discretion to lower his sentence to that of a Class A misdemeanor. We therefore conclude that the post-conviction court did not err in denying Harris' claim that he was not informed of a potential Class A misdemeanor sentence.

## II. *Judgment of Conviction*

Next, Harris argues that his judgment and sentence are void because the master commissioner rather than the presiding judge of the trial court signed his judgment of conviction. He contends that under I.C. § 33-5-35.1-8(f), the rules governing magistrates were applicable to commissioners, including I.C. §§ 33-4-7-4, -8, which provided that a magistrate could not enter a final judgment unless sitting as judge *pro tempore* or special judge. The transcript of Harris' guilty plea and sentencing hearing states that it was presided over by "the Honorable Charles A. Wiles, Judge" (Judge Wiles), and Harris

5

claims that Judge Wiles was a commissioner at the time of the hearing and not a judge. (G.P. Tr. p. 3).

Pursuant to Indiana Post-Conviction Rule 1(5), a petitioner has the burden of proof in post-conviction proceedings to establish his claims by a preponderance of the evidence. Harris has not fulfilled his burden on appeal because he has not provided us with any evidence that Judge Wiles was a commissioner when he signed the judgment. The post-conviction court found that Judge Wiles served as both a Marion County Municipal Court Judge and a Marion County Superior Court Judge, but did not find that he had ever served as a commissioner. Thus, absent evidence contrary to the post-conviction court's findings, we conclude that the post-conviction court did not err in determining that Judge Wiles was a judge when he signed Harris' judgment of conviction.

### III. *Abstract of Judgment*

Finally, although he admits that Judge Wiles signed his judgment of conviction, Harris claims that his plea is void because no one signed his abstract of judgment. We disagree. Our supreme court has previously held that it is the trial court's judgment of conviction and not the abstract of judgment that is the official trial court record and which thereafter is the controlling document. *Robinson v. State,* 805 N.E.2d 783, 794 (Ind. 2004). The abstract of judgment is merely a Department of Correction document and does not constitute the judgment of the trial court. *See id.* In *Robinson,* the supreme court held that there was no error in denying Robinson's motion to correct sentence in

6

which he requested that the trial court correct an error in his abstract of judgment. *Id.* In light of this precedent, we conclude that the post-conviction court did not err in declining to grant Harris' claim that his judgment was void because the trial court signed the judgment of conviction rather than the abstract of judgment.

## CONCLUSION

Based on the foregoing, we conclude that: (1) the post-conviction court did not err in denying Harris' claim that the trial court did not properly advise him of the minimum possible sentence he could receive prior to his guilty plea; (2) the post-conviction court did not err in denying his claim that his judgment was inappropriately entered by a master commissioner; and (3) the post-conviction court did not err in denying his claim that the trial court's judgment was void because the trial court did not sign the abstract of judgment.

Affirmed.

BAILEY, J. and CRONE, J. concur