RICHARD THORNE, ALIAS RICKY THORNE *v.* STATE OF INDIANA.

[No. 171S7. Filed February 16, 1973.]

*Phillips B. Johnson,* of Versailles, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Richard Thorne, appellant (defendant below), from a conviction for possession of dangerous drugs. Appellant was charged by affidavit and was tried by jury which found him guilty. He was sentenced to the Indiana Reformatory for not less than one nor more than ten years. A motion to correct errors, filed September 14, 1970, was overruled and this appeal followed.

Appellant makes three contentions of error. First, that appellant was charged with possession of "lysergic acid" which is not defined as a dangerous drug in the statute; secondly, that the State failed to prove that the substance possessed was a dangerous drug; thirdly, that the trial court erred when it gave an instruction concerning the appellant's failure to testify in his own behalf.

Appellant's first argument is that the affidavit charged the appellant with possession of "lysergic acid which is commonly known as LSD . . ." while the statute in part defines a dangerous drug as:

"any hallucinogenic, psychedelic, psychotogenic drug or substance including but not limited to lysergic acid diethylamide, commonly known as LSD." IC 1971, 16-6-8-2 (Ind. Ann. Stat. § 35-3332 [1969 Repl.]) *

The contention is that the affidavit is defective because the word "diethylamide" was omitted.

The basis for the appellant's argument is *Burk* v. *State* (1971), 257 Ind. 407, 275 N. E. 2d 1, where we stated that since LSD had never been defined as a narcotic drug by the Narcotic Drug Act, an affidavit charging use of LSD under the Act would be erroneous. Here appellant contends that the dangerous drug act does not define "lysergic acid" as a dangerous drug; that the drug defined in IC 1971, 16-6-8-2 (Ind. Ann. Stat. § 35-3332 [1969 Repl.]) is "lysergic acid diethylamide." However, both the affidavit and the statute contain the words "commonly known as LSD." The affidavit contains substantially the same language as the statute, and we are not here concerned with the *Burk* situation where the statute made no mention of LSD at all. Defects or imperfections in an affidavit are only grounds for reversal where they prejudice the substantial rights of the defendant. *Arrington* v. *State* (1952), 230 Ind. 384, 103 N. E. 2d 210;

* This statute was amended in 1971.

*Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21. Appellant alleges no prejudice nor is there any evidence of prejudice resulting. It is clear that appellant knew exactly the crime with which he was being charged.

Appellant also contends that a variance of proof existed between the affidavit and the proof at trial since the proof indicated that the substance involved was lysergic acid *diethylamide* whereas the affidavit merely stated "lysergic acid." The test in determining whether a variance is material is whether the defendant is misled by the variance. *Adams* v. *State* (1970), 254 Ind. 509, 260 N. E. 2d 878. Appellant never alleges that he was misled and nothing in the record indicates that appellant was misled. The slight imperfection in the affidavit in no way prejudiced appellant's cause and does not form grounds for a reversal.

Appellant's second contention is that the evidence was insufficient to prove that LSD was the substance possessed because no one testified as to the chemical composition of the substance. However, the identity of the drug may be proven by circumstantial evidence. *Slettvet* v. *State* (1972), 258 Ind. 312, 280 N. E. 2d 806; *Pettit* v. *State* (1972), 258 Ind. 409, 281 N. E. 2d 807.

In the case at bar, no drugs were seized. The main evidence in the case comes from the appellant's confession and the testimony of appellant's girlfriend to whom appellant had given some pills. In his statement, appellant admitted to the extensive use of many drugs and to possession of "acid" which was established to mean LSD. Appellant also admitted that he gave LSD to his girlfriend on three occasions. Appellant's girlfriend testified that appellant gave her some small round purplish-red colored tablets which he told her were LSD. She stated that when she took the pills she experienced hallucinations, her vision became distorted in color and shape and that both colors and sound were distorted and amplified. The witness had taken LSD on previous occasions but nothing in the record indicates the extent of her prior experience. Al-

though circumstantial, the evidence appears to prove the substance in question was LSD.

Appellant's third allegation is that the trial court erred in giving the following instruction:

> "The defendant has not testified before the Jury in this case. Under our law he had a right to refrain from testifying and you have no right to draw any inference of guilt from the fact that the defendant did not testify."

Appellant claims this was erroneous because he did in fact testify. First it should be noted that no objection was made to the instruction. Even so, the appellant testified *outside the hearing of the jury* on the matter of the voluntariness of his confession. As stated in the instruction, appellant did not testify *before the jury,* and the instruction could only benefit the appellant, not harm him. It was not erroneous to give the instruction, and in fact, would have been erroneous to refuse the instruction had it been requested.

For all the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 292 N. E. 2d 607.