ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

_____

## In the
## Indiana Supreme Court

**FILED**

Jun 23 2009, 1:30 pm

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

_____

No. 20S04-0901-PC-41

JAMES H. HELTON, JR.,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

_____

Appeal from the Elkhart Superior Court, No. 20D03-0609-PC-10
The Honorable George W. Biddlecome, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 20A04-0710-PC-589

_____

**June 23, 2009**

**Boehm, Justice.**

This is an appeal from the denial of post-conviction relief. The petitioner alleges that defense counsel rendered ineffective assistance by failing to move to suppress evidence prior to his guilty plea. The petitioner did not establish what other evidence of guilt was or was not available. He therefore failed to meet his burden of proof to establish that he was prejudiced by counsel's alleged omission.

## Facts and Procedural History

In August 2002 Elkhart law enforcement obtained a warrant to search petitioner James Helton's residence. The warrant was based on a probable cause affidavit asserting that (1) a confidential informant had told police that he had observed Helton selling methamphetamine from his home, and (2) the Elkhart County Drug Task Force had received two anonymous complaints to the same effect. Police seized methamphetamine, marijuana, and drug paraphernalia from Helton's home. Helton was arrested and charged with class A felony possession of methamphetamine with intent to deliver and class D felony possession of marijuana.

A public defender was appointed to represent Helton. In the course of discovery, Helton's defense counsel received copies of the search warrant, probable cause affidavit, and an inventory of seized items. Counsel did not move to suppress the evidence recovered from Helton's residence and the case proceeded to trial in October 2003. On the second day of trial Helton reached an agreement with the State calling for Helton to plead guilty to dealing methamphetamine in exchange for the dismissal of the marijuana charge. A sentence of forty-five years was imposed.

Helton subsequently petitioned for post-conviction relief, alleging that his trial counsel was ineffective for failing to move to suppress the evidence recovered from his home. Helton argued that the probable cause affidavit was based on uncorroborated hearsay from a confidential informant and thus failed to establish probable cause for the search. He contended that a suppression motion would have been granted, and that without the seized evidence, the State would have been unable to prove his guilt beyond a reasonable doubt.

At an evidentiary hearing on Helton's petition, trial counsel testified that he did not think a suppression motion would have been granted and that such a motion would have been frivolous. Counsel also believed that if he had moved to suppress the evidence seized from Helton's home, the State would have been able to call the confidential informant at a suppression hearing to cure any potential defects in the probable cause affidavit. Counsel further testified that he would have been able to object to the seized evidence at trial if he believed there were grounds for doing so. He did not recall whether the State had introduced any exhibits before the

2

trial was cut short by the plea agreement. Neither the State nor Helton's post-conviction counsel offered the trial record into evidence.

The post-conviction court denied Helton's petition. The court concluded in part that

no evidence was presented as to Petitioner's reasons for entry of his plea of guilty. Stated differently, there was no evidence presented at the post conviction hearing to the effect that Petitioner's guilty plea was motivated by a mistaken belief that inadmissible evidence would have been used against him, and that the improper admission of this evidence would have resulted in his conviction. Petitioner has, thus, failed to demonstrate prejudice based on what purported to be an erroneous decision on the part of his trial counsel to forego seeking pre-trial suppression of the subject evidence.

The Court of Appeals reversed, finding that (1) the warrant affidavit was based on uncorroborated hearsay and the search of Helton's home was therefore not supported by probable cause, (2) because the State's evidence would have had to have been excluded as the product of an unconstitutional search, trial counsel rendered ineffective assistance by failing to file a motion to suppress, and (3) but for counsel's errors, Helton would not have pleaded guilty and would have prevailed at trial. Helton v. State, 886 N.E.2d 107, 112–15 (Ind. Ct. App. 2008).

We granted the State's petition for transfer.

**Standard of Review**

In post-conviction proceedings, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Lee v. State, 892 N.E.2d 1231, 1233 (Ind. 2008). A post-conviction court's findings and judgment will be reversed only upon a showing of clear error in a factual determination or error of law. Ben-Yisrayl v. State, 729 N.E.2d 102, 105–06 (Ind. 2000).

**Discussion**

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel performed deficiently and the deficiency resulted in prejudice. Lee v. State, 892 N.E.2d 1231, 1233 (Ind. 2008) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). If we can dismiss an ineffective assistance claim on the prejudice prong, we need not address

3

whether counsel's performance was deficient. Id.; see also Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). We find the prejudice issue in this case dispositive and therefore do not address the alleged deficiency in counsel's performance.

Helton's claim is that his counsel's failure to file a motion to suppress was ineffective assistance of counsel. In order to prove prejudice stemming from ineffective assistance, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of his criminal proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. For purposes of this discussion, we assume without deciding that a suppression motion would have been granted. We therefore assume that the warrant affidavit was insufficient to establish probable cause, the items recovered from Helton's home were the product of an unlawful search, and the seized evidence would have been inadmissible under the exclusionary rule. See Illinois v. Gates, 462 U.S. 213, 227 (1983); Mapp v. Ohio, 367 U.S. 643, 655 (1961). This is not sufficient to establish ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel in overlooking a defense leading to a guilty plea must show a reasonable probability that, had the defense been raised, the petitioner would not have pleaded guilty and would have succeeded at trial.[1] Segura v. State, 749 N.E.2d 496, 503 (Ind. 2001). For reasons explained below, Helton has failed to carry his burden of proof of a reasonable probability that he would have succeeded at trial if a motion to suppress had been made and sustained.

The State is not required to introduce the subject contraband to obtain a conviction for dealing or possession. See Clifton v. State, 499 N.E.2d 256, 258 (Ind. 1986); Carter v. State, 471

---

[1] Helton cites United States ex rel. Hampton v. Liebach, 347 F.3d 219 (7th Cir. 2003), for the proposition that "[e]ven if the odds that the defendant would have been acquitted had he received effective representation appear to be less than fifty percent, prejudice has been established so long as the chances of acquittal are better than negligible." Id. at 246. We are not confident that this is an accurate construction of the Strickland prejudice standard. Taken at face value, the "better than negligible" Hampton test would appear to find prejudice based on a reasonable possibility that the petitioner would have prevailed at trial. But Strickland requires a reasonable "probability" that the outcome of the proceedings would have been different. In any event, we reach the same result in this case under either the traditional Strickland standard or the Hampton formulation.

4

N.E.2d 1111, 1114 (Ind. 1984); Thorne v. State, 260 Ind. 70, 72–73, 292 N.E.2d 607, 609 (1973); Slettvet v. State, 258 Ind. 312, 316, 280 N.E.2d 806, 808 (1972). The identity and quantity of a controlled substance, and the defendant's possession of or dealing in narcotics, may all be established through witness testimony and circumstantial evidence. Halsema v. State, 823 N.E.2d 668, 673 n.1 (Ind. 2005); Clifton, 499 N.E.2d at 258; Slettvet, 258 Ind. at 316, 280 N.E.2d at 808. The exclusion of the seized items in Helton's case, therefore, would not have foreclosed prosecution and conviction based on other evidence.

The record in this post-conviction appeal provides no indication as to what other evidence, if any, had been or was expected to be introduced in Helton's trial beyond the inventory obtained in the search of Helton's home. A full day of Helton's trial went forward before the trial was cut short by Helton's guilty plea. The record of the trial was not introduced in the post-conviction hearing, and neither party indicated to the post-conviction court what other testimony or other evidence might be introduced against Helton. We have no pertinent discovery motions or witness lists, and no other materials that suggest what other evidence was involved in the case. The State claimed at Helton's sentencing hearing that it had introduced approximately twenty exhibits on the first day of trial. The post-conviction court also stated in its findings of fact that the State had not yet offered the drugs obtained from Helton's home. We might infer that the State had already introduced evidence against Helton that was not the product of the search, but on the sparse record before us, we simply do not know.

It is certainly the case that in some circumstances a claim of ineffective assistance of counsel can be established by showing a failure to suppress evidence. Cf. United States v. Alvarez-Tautimez, 160 F.3d 573, 577 (9th Cir. 1998) (finding ineffective assistance of counsel following guilty plea, where there would have been "insufficient evidence to sustain a conviction" if a suppression motion had been filed); Sikes v. State, 448 S.E.2d 560, 563 (S.C. 1994) (finding ineffective assistance from failure to file suppression motion where "the unlawfully-obtained evidence was the only evidence of [the defendant's] possession of cocaine"); Rinehart v. Brewer, 561 F.2d 126, 132 (8th Cir. 1977) (finding ineffective assistance where "all of the direct evidence which connected [the defendant] to the crime charged" was potentially excludable); Dickeson v. State, 843 P.2d 606, 611–12 (Wyo. 1992) (evaluating prejudice from counsel's failure to file suppression motion by considering all of the State's

5

remaining evidence); <u>Gonzalez-Soberal v. United States</u>, 244 F.3d 273, 278 (1st Cir. 2001) (assessing, among other things, "the strength of the government's case against [the defendant]" to determine prejudice from ineffective assistance). But Helton bore the burden of proof at his post-conviction evidentiary hearing. It was thus incumbent on Helton—not the State—to show there was a reasonable probability of insufficient evidence if a suppression motion had been granted. Helton argues that without the seized contraband, "the odds of a better result at trial—indeed, the odds of the charges being dismissed prior to trial—would have been much better than negligible." He gives us no evidence to establish this claim. Perhaps if the evidence seized from Helton's home had been excluded, the chances of a better outcome would have been greater. But in the absence of any showing that the State's other evidence would have been insufficient, we are unable to evaluate the likelihood of acquittal or dismissal, and Helton has not shown a reasonable probability, or any probability at all, that he would have prevailed at trial.

**Conclusion**

The judgment of the post-conviction court denying relief is affirmed.

Shepard, C.J., and Dickson and Sullivan, JJ., concur.

Rucker, J., concurs in result with separate opinion.

**Rucker, Justice, concurring in result.**

I concur in the result reached by the majority. I write separately however to point out what I perceive as an overstatement.

The majority correctly notes that "[t]he State is not required to introduce the subject contraband to obtain a conviction for dealing or possession." Slip op. at 5. As an evidentiary matter this broad proposition is not terribly remarkable. See, e.g., Slettvet v. State, 258 Ind. 312, 280 N.E.2d 806, 808 (1972) (citing cases and declaring "proof of the nature of the substance can be proved by circumstantial evidence . . . ."). But once a motion to suppress the evidence has been granted things change rather dramatically. Indeed as a practical matter, for drug related offenses, once a motion to suppress the drugs has been granted, prosecution essentially ends. And although conceivably there could be "other evidence," slip op. at 5, to support a conviction despite a successful motion to suppress, the "fruit of the poisonous tree" doctrine would certainly limit the volume and scope of such evidence. "When applied, the [fruit of the poisonous tree] doctrine operates to bar not only evidence directly obtained, but also evidence derivatively gained as a result of information learned or leads obtained during an unlawful search or seizure." Adams v. State, 762 N.E.2d 737, 745 (Ind. 2002) (quoting State v. Farber, 677 N.E.2d 1111, 1114 (Ind. Ct. App. 1997)). Of course, the doctrine does not apply if the derivative evidence has an "independent source," the discovery of the evidence is so "attenuated" as to dissipate the taint of police misconduct, or the challenged evidence would have been inevitably obtained by proper means. See Hanna v. State, 726 N.E.2d 384, 389 (Ind. Ct. App. 2000). In sum, the majority's broad proposition does not necessarily support its conclusion that, "[t]he exclusion of the seized items in Helton's case, therefore, would not have foreclosed prosecution and conviction based on other evidence." Slip op. at 5.

Nonetheless because I agree that at his post-conviction hearing Helton failed to carry his burden of proving there was a reasonable probability of insufficient evidence if a suppression motion had been granted, I conclude the post-conviction court correctly denied Helton's petition for relief. Therefore I concur in the result reached by the majority.