**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 31 2012, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DAVID SMITHERS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID SMITHERS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 41A04-1111-PC-617 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Cynthia S. Emkes, Judge
Cause No. 41D02-1106-PC-4

**July 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

David Smithers appeals the denial of his petition for post-conviction relief. He contends that the State unfairly withheld evidence from him before he pleaded guilty, that his trial counsel rendered ineffective assistance during plea negotiations, and that his plea was not knowing and voluntary. We affirm.

<u>FACTS AND PROCEDURAL HISTORY</u>

In 2000, Smithers was arrested and jailed for multiple charges of child molesting. While those charges were pending, Smithers approached fellow inmate Codell Wombles and asked him to murder the victim of Smithers' molestations in exchange for money. Wombles agreed to the plan but then reported the plot to jail personnel. Wombles discussed the plan further with Smithers while wearing a wire for the police, and these discussions produced further evidence of their agreement. The State subsequently filed a second case against Smithers, alleging conspiracy to commit murder, a class A felony.

Under plea agreements addressing all the pending matters, Smithers pleaded guilty to child molesting as a class B felony, two counts of child molesting as class C felonies, one count of dissemination of matters harmful to minors, class D, and conspiracy to commit murder. The trial court held one sentencing hearing for both cases. Smithers belatedly appealed his sentence, and this Court affirmed. *See Smithers v. State*, No. 41A01-0512-CR-560, slip op. at 17 (Ind. Ct. App. Dec. 12, 2006).

Next, Smithers filed a petition for post-conviction relief aimed only at his conviction for conspiracy to commit murder. The post-conviction court issued findings of fact and conclusions of law denying Smithers' petition without a hearing. This appeal followed.

2

Smithers raises three issues, which we restate as:

I.       Whether the State withheld exculpatory evidence.

II.      Whether Smithers received ineffective assistance of trial counsel.

III.     Whether Smithers' guilty plea was knowing and voluntary.[1]

## DISCUSSION AND DECISION

To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006). In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences that support it. *Id.* at 468.

### I. Disclosure of Material Exculpatory Evidence

Smithers argues that the State failed to disclose to him that his participation in the conspiracy was the result of entrapment by Wombles, who Smithers claims acted as an agent of the State. Specifically, Smithers says Wombles manipulated him so that Wombles could cut a good deal with the State, and Wombles later informed the State of his manipulation, but the State did not tell Smithers about Wombles' admission. The State responds that when Smithers pleaded guilty, he acknowledged that the sequence of events in the original

---

[1] Smithers also argues that the post-conviction court erred by declining to hold an evidentiary hearing. The decision of whether to hold an evidentiary hearing is assigned to the post-conviction court's discretion. *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*. Here, we agree with the post-conviction court that there is no dispute of material fact; the court did not abuse its discretion by failing to hold a hearing. *See Baker v. State*, 768 N.E.2d 477, 483 (Ind. Ct. App. 2002).

probable cause affidavit was accurate, and the affidavit demonstrates that Wombles was not an agent of the State when he first conspired with Smithers.

To establish what is commonly known as a *Brady* violation, a defendant must show: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material to an issue at trial. *Stephenson v. State*, 864 N.E.2d 1022, 1056-57 (Ind. 2007) (discussing *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)).

The defense of entrapment consists of two elements: (1) the crime was solicited by a law enforcement official or his or her agent; and (2) the person was not predisposed to commit the offense. Ind. Code § 35-41-3-9 (1977). The post-conviction court correctly found against Smithers on both these elements.

First, the probable cause affidavit recited that Smithers approached Wombles about participating in the murder and that Wombles then reported the matter to jail officials. The allegation of Smithers' petition has been only that there were "confessions of Agent of State that Petitioner was entrapped," Appellant's App. p. 25, by which Smithers appears to mean that Wombles agreed to the conspiracy so that he could report it to the authorities and gain some advantage for himself. This allegation does not contradict the acknowledged evidence in the probable cause affidavit in any way that is legally important. Wombles was not a state agent when Smithers approached him, and Wombles' motive in agreeing to Smithers' proposal at a moment when he was not a state agent is irrelevant to a claim of government entrapment.

4

As for the second element of entrapment ("not predisposed"), the affidavit indicates that after the State placed a wire on Wombles, Smithers further discussed the conspiracy with Wombles without any additional prompting. Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment. Ind. Code § 35-41-3-9.

## II. Assistance of Trial Counsel

Smithers argues that his counsel failed to investigate the case effectively in the period leading up to the plea in that counsel should have discovered Wombles' disclosure to the State that he had manipulated Smithers into participating in the conspiracy.

The post-conviction court was correct to reject this claim, largely for the reasons just cited. Had counsel "discovered" that Wombles agreed to Smithers' proposal about committing murder before reporting same to the police, motivated by a desire to help himself, this revelation would have been of little help in representing Smithers. Put another way, even if counsel performed deficiently on this point, it worked no prejudice. *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009) (if a case can be resolved on the issue of prejudice, we need not decide whether counsel's performance was deficient).

Smithers also argues that counsel wrongly advised him of the penal consequences of his plea to conspiracy. Specifically, Smithers states that his lawyer told him that if he did not plead guilty, the State had said that it would file additional conspiracy charges that would result in a potential two hundred-year sentence. Smithers claims that regardless of how many conspiracy charges were filed against him, he could have only been sentenced to concurrent sentences, and his counsel should have known that and advised him accordingly.

5

Perhaps this is so, but Smithers was simultaneously negotiating with the State in his conspiracy case and in his child molesting case. Had there been no plea agreement, the State could have tried him on all charges then on file and sought consecutive sentences for the child molesting charges and the conspiracy charge, potentially producing an even longer sentence than the one he received. We cannot say that counsel's advice about Smithers' sentence fell below a reasonable standard of performance. *See Danks v. State*, 733 N.E.2d 474, 487 (Ind. Ct. App. 2000) (determining that counsel correctly advised Danks that the death penalty was possible in his case, which induced defendant to plead guilty and receive a lesser sentence), *trans. denied*.

### III. Voluntariness of Plea

Finally, Smithers claims that his plea was not knowing and voluntary because he had not been adequately informed of his rights. He believes that his written plea agreement and the trial court's discussion of his rights during his guilty plea hearing were not thorough enough.

To be valid, a guilty plea must be made knowingly, voluntarily, and intelligently. *Fisher v. State*, 878 N.E.2d 457, 465 (Ind. Ct. App. 2007), *trans. denied*. A trial court must determine that a defendant is aware of his right to a trial by jury, right against self-incrimination, and right to confrontation. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969)). We will vacate a conviction if the record does not indicate the defendant was advised of these rights. *Id.*

Smithers claims he was not adequately informed of his *Boykin* rights. We disagree.

6

In his written plea agreement, Smithers was told that by pleading guilty, he was waiving his right to "a public trial by jury; . . . the right to confront and cross examine all witnesses against me at my trial; . . . [and] the right to testify or not to testify on my own behalf at trial without any presumption of guilt arising from a refusal to testify," among a host of other advisements. Appellant's App. p. 7. Smithers placed his initials by each stated right, indicating he had read them. Furthermore, toward the end of the plea agreement Smithers indicated by initials: "I hereby acknowledge that I have read and understand all of the above material." *Id.* at 8. At the guilty plea hearing, Smithers told the trial court that he had read the plea agreement and that he had the opportunity to discuss the meaning of it with his lawyer. *Id.* at 16. And, the following discussion occurred:

> COURT: You need to understand that if you offer your guilty plea to the Court you're giving up the constitutional rights you read about in the agreement. The most important of those are your right to a public and speedy trial by Court or by jury, your right to confront and cross-examine witnesses against you at that trial, your right to testify at that trial and your right to chose [sic] not to testify at that trial, and your right to the assistance of counsel at every stage of the proceeding including upon appeal if you're convicted and your right to a public defender if you couldn't afford an attorney, do you understand that if you offer your guilty plea to the Court I'm going to find that you are knowingly and voluntarily giving up those rights?
>
> SMITHERS: Yes, I understand.

Guilty Plea Tr. pp. 6-7. The plea agreement and the trial judge's colloquy were comprehensive and straightforward. Smithers does not identify how additional descriptions of any of the rights he waived would have mattered in his case. The post-conviction court

appropriately concluded that the record reflects that Smithers was adequately advised of his *Boykin* rights and knowingly, voluntarily, and intelligently waived them.

CONCLUSION

Smithers has failed to demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court.

Affirmed.

MAY, J., and MATHIAS, J., concur.