**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JEFFREY R. WRIGHT**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN E. MILES, a/k/a ROBERT DUTCHER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-PC-310 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
The Honorable Stanley E. Kroh, Master Commissioner
Cause No. 49G04-0701-PC-8769

**November 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Appellant-Petitioner Steven E. Miles a/k/a Robert Dutcher ("Miles")[1] appeals the denial of his petition for post-conviction relief, which challenged his conviction following his plea of guilty to Forgery, as a Class C felony.[2] He presents the sole issue of whether he was denied the effective assistance of counsel. We affirm.

## Facts and Procedural History

On January 22, 2007, the State charged Miles with Forgery, as a Class C felony. On June 6, 2007, the State and Miles having reached a plea agreement, Miles appeared for a guilty plea hearing. At that hearing, the State presented a factual basis for the conviction:

> [O]n or about January 17, 2007, at approximately 12:45 PM, Officer Joshua Fritsche of the Indianapolis Metropolitan Police Department was working off duty employment as a security or risk management employee for the Kroger located at 4445 East 10th Street. At that time he was advised by an employee by the name of Carmen Jennings that a white male was attempting to cash a check that she believed was no good and did not believe the man matched the picture on the driver's license presented to her. After Joshua Fritsche arrived at the customer service desk, he observed the check and he observed that the National City logo was on the incorrect place on the check and he advised Ms. Jennings that the check was no good. The check was also ran through their check system where it was declined, indicating that it was possibly a fraudulent check. The check was made out to a Mr. Steven Miles on the checking account of a "Best Exteriors," and the driver's license did match that of the name of Steven Miles. At that time the check was declined. The Defendant left the store and a short time later the Defendant was stopped by Officer Fritsche and other officers that were called to assist. At that time he was placed into custody, and shortly thereafter Mr. Miles did indicate that he did know the check was not a valid account and did not have authorization to cash that check, and all these events did occur in Marion County.

---

[1] According to a handwritten letter to the trial court, signed "Robert R. Dutcher," the appellant's birth name is Robert R. Dutcher, but he was sentenced under the alias "Steven Miles" and the abstract of judgment and all records of the Indiana Department of Correction use the alias. (App. 61.)

[2] Ind. Code § 35-43-5-2.

(Guilty Plea Tr. 6-7.) Miles pled guilty and was sentenced to five years imprisonment, with two years suspended to probation. The terms of the agreement allowed Miles to be placed in a Community Corrections program for the executed portion of his sentence. Miles cooperated with the Indianapolis Metropolitan Police by giving a clean-up statement regarding at least ten other forgery investigations; pursuant to an oral agreement with Miles's counsel, Benjamin Jaffe ("Jaffe"), the State declined to prosecute Miles in any of those cases.

On May 27, 2009, Miles filed a pro-se Petition for Post-Conviction Relief. On November 22, 2010, by counsel, Miles filed an amended petition, alleging that his guilty plea counsel had been ineffective by overlooking a defense of an illegal search.

Evidentiary hearings were conducted on April 26, 2011 and June 7, 2011. Indianapolis Metropolitan Police Department Officer Steven Staal testified that he had assisted Officer Fritsche in a vehicle stop involving Miles, but lacked any independent recollection of a search or the surrounding circumstances. Officer Fritsche likewise testified that he lacked recollection of a search involving Miles. Jaffe testified that he had limited recollection of his discussions with Miles, but believed Miles had "thought we should have pursued a suppression issue." (Tr. 21.) According to Jaffe, he would have as a general practice advised a client to take a plea only when "we can't beat the [current] case" and "take care of all these things coming down the pike." (Tr. 24.)

On March 23, 2012, the post-conviction court entered its Findings of Fact and Conclusions of Law denying Miles post-conviction relief. This appeal ensued.

**Discussion and Decision**

3

When Miles presented the forged check at Kroger, he was not immediately arrested; rather, he was arrested after a traffic stop and search of his wallet. In his Amended Petition for Post-Conviction Relief, Miles alleged his counsel was ineffective for "overlooking the defense that Officer Fritsche lacked Miles' consent or the consent of a person with actual or apparent authority to consent, or any other recognized exception to the warrant requirement, to search Miles' wallet." (App. 71.)

Miles had the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner appealing from the denial of post-conviction relief stands in the position of one appealing from a negative judgment. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). Thus, the decision will be disturbed as being contrary to law only if the evidence is without conflict and leads to but one conclusion, and the trial court has reached the opposite conclusion. Ben-Yisrayl v. State, 729 N.E.2d 102, 105 (Ind. 2000).

Ineffectiveness of counsel claims are evaluated under the standard of Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. Williams v. State, 706 N.E.2d 149, 154 (Ind. 1999). A deficient performance is a performance which falls below an objective standard of reasonableness. Id. Prejudice exists when a claimant shows "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

A post-conviction claim challenging a conviction pursuant to a guilty plea is examined

4

under Segura v. State, 749 N.E.2d 496 (Ind. 2001). Segura categorizes two main types of ineffective assistance of counsel cases: (1) failure to advise the defendant on an issue that impairs or overlooks a defense, and (2) an incorrect advisement of penal consequences. Smith v. State, 770 N.E.2d 290, 295 (Ind. 2002). In order to set aside a conviction because of an attorney's failure to raise a defense, a petitioner who has pled guilty must establish that there is a reasonable probability that he or she would not have been convicted had he or she gone to trial and used the omitted defense. Segura, 749 N.E.2d at 499 (citing State v. Van Cleave, 674 N.E.2d 1293, 1306 (Ind. 1996)).

Miles contends that, had counsel pursued a motion to suppress under the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution, certain evidence against him would have been excluded. Specifically, he claims that the State could not have offered into evidence a check and signature stamp that were obtained from his wallet and coat pocket, respectively. He further asserts, without developing a corresponding argument, that his confession would have been inadmissible.

In Helton v. State, 907 N.E.2d 1020, 1023 (Ind. 2009), our Indiana Supreme Court categorized Helton's claim that he would not have plead guilty had counsel pursued a motion to suppress certain evidence to be one of an "overlooked defense." The Court recognized the petitioner's burden as that of "proof of a reasonable probability that he would have succeeded at trial if a motion to suppress had been made and sustained." Id. at 1024.

For purposes of discussion, the Court assumed without deciding that a suppression motion would have been granted. Id. at 1023. However, the Court observed that the State is

5

not required to introduce the subject contraband to obtain a conviction for dealing or possession, and the exclusion of seized items in Helton's case would not have foreclosed prosecution and conviction based on other evidence. Id. at 1024. The Court reiterated that Helton bore the burden of proof at his post-conviction evidentiary hearing: "It was thus incumbent on Helton – not the State – to show there was a reasonable probability of insufficient evidence if a suppression motion had been granted." Id. at 1024-25.

Consistent with the reasoning of Helton, Miles bore the burden of showing a reasonable probability of insufficient evidence to convict him of forgery if a suppression motion had been granted. At the post-conviction hearing, Miles did not elicit evidence designed to explore the relative strength or weakness of the State's case against him absent the seized items. However, the post-conviction record, including the guilty plea transcript admitted as an exhibit, indicates that exclusion of items seized from Miles would not have foreclosed his prosecution. The State would have been free to offer relevant testimony and produce circumstantial evidence.

For example, the Kroger clerk encountered Miles personally, compared his appearance with the proffered photographic identification, and examined the check Miles sought to cash. Her observations, and the rejection of the check by Kroger's computer, led her to question both the authenticity of the check and Miles's identification. She called Officer Fritsche, who examined the suspect check and detected a wrongly-positioned bank logo, a badge of forgery. Police investigation subsequently revealed that the alleged maker of the check, Best Exteriors Incorporated, no longer had an account with the named bank.

6

Also, several other individuals were allegedly involved with Miles in a forgery scheme of some magnitude. The suppression of the contents of Miles's wallet would not have precluded testimony from one or more of the alleged accomplices.

In short, Miles has not shown a reasonable probability that he would have prevailed at trial. Where the prejudice issue is dispositive, we need not address alleged deficiency in counsel's performance. See id. at 1023. Thus, we do not address the performance prong of Strickland here.

### Conclusion

The post-conviction court properly denied Miles post-conviction relief.

Affirmed.

RILEY, J., and CRONE, J., concur.