**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 12 2014, 9:57 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CLARK W. HOLESINGER**
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC WILLIAM STAHL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1303-PC-137 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT CRIMINAL DIVISION 2
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1109-PC-005

**August 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Eric William Stahl appeals from the denial of post-conviction relief from his 1992 conviction for murder and felony robbery, presenting the following restated issues for review:

1. Did Stahl receive ineffective assistance of trial counsel regarding counsel's advice as to the maximum possible sentence faced by Stahl?

2. Did Stahl receive ineffective assistance of appellate counsel?

We affirm.

The underlying facts were set out by our Supreme Court in Stahl's 1993 direct appeal, as follows:

Louise and James McIntire operated a retail motorcycle business in Hobart, Indiana. In mid-July 1988, Stahl discussed the purchase of a motorcycle from the shop. Stahl returned to the shop on July 29, left a $100 check as a deposit, and indicated that he would return the following day to take delivery. After a telephone call to the bank about the check, Stahl was advised that he would be required to pay with cash or a certified check.

Stahl returned to the store on Saturday morning, July 30, a day the store would normally close at 3:30. He confirmed his desire to purchase the motorcycle and offered the one he already owned in trade. He telephoned three times during the day to discuss taking delivery of the new motorcycle. At approximately 4:30 that afternoon, Stahl returned to the store and stayed until after 6:00. At around 5:00, Mr. McIntire spoke with his wife by telephone, telling her that Stahl was in the shop and that they were waiting for the purchase money to be delivered by a cashier. When later telephone calls to the shop went unanswered, Mrs. McIntire went to the shop and found her husband dead on the bathroom floor. Both the motorcycle that Stahl had been negotiating to purchase and all copies of the documents pertaining to that purchase were missing from the shop.

The next day, Stahl was questioned by the police. He admitted being in the store between 4:30 and 6:00. He stated that he had paid for the motorcycle with cash and that just before he left the building, a white male entered with a weapon hidden under his belt. Additionally, Stahl turned over his copies of

2

the sales documents on the motorcycle. After reviewing the documents, the victim's son testified that this paperwork was not signed by his father and was not completed in the same manner that his father would have completed it. A handwriting expert later identified some of the victim's purported handwriting on these documents as belonging to Stahl and not the victim. Finally, two witnesses testified at trial that Stahl had admitted shooting the victim.

*Stahl v. State*, 616 N.E.2d 9, 10-11 (Ind. 1993) (footnote omitted). In his direct appeal, Stahl challenged the refusal of a tendered instruction, as well as the admission of alleged hearsay statements of the victim. The Supreme Court affirmed the trial court in all respects. On September 7, 2011, Stahl filed his PCR petition, which the trial court denied following a hearing.

In his PCR petition, Stahl alleged that he received ineffective assistance of trial and appellate counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient and that the petitioner was prejudiced thereby. *Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)); *see also Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006) (the failure to satisfy either component will cause an ineffective assistance of counsel claim to fail). This is the so-called *Strickland* test. Counsel's performance is deficient if it falls below an objective standard of reasonableness, "committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 1138. To establish the requisite prejudice, a petitioner must show there is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. "A reasonable probability is a probability sufficient to undermine

3

confidence in the outcome." *Passwater v. State*, 989 N.E.2d 766, 770 (Ind. 2013). The two elements of *Strickland* are separate and independent inquiries. Thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Helton v. State*, 907 N.E.2d 1020 (Ind. 2010).

1.

We begin with Stahl's claim that he received ineffective assistance of trial counsel. Under Issue II in his brief, Stahl frames this issue as: "Was Petitioner denied the effective assistance of Counsel at either the trial level or the appellate level?" *Brief of Appellant* at 15. He then claims that he was advised by his trial counsel that he faced a maximum possible sentence of sixty years, which was less than the eighty years the trial court actually imposed. Even if this is true, Stahl does not identify the prejudice he suffered as a result of this error, much less support his case with legal argument. Therefore, he has not satisfied the showing of prejudice required in order to prevail on a claim of ineffective assistance of trial counsel. *Helton v. State*, 907 N.E.2d 1020.

2.

We turn now to Stahl's claims of ineffective assistance of appellate counsel. We review claims of ineffective assistance of appellate counsel utilizing the same standard that is used for claims pertaining to trial counsel, i.e., the petitioner must show appellate counsel's performance was deficient and that the deficiency resulted in prejudice. *Garrett v. State*, 992 N.E.2d 710 (Ind. 2013). Claims of ineffective assistance of appellate counsel "generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of

issues, and (3) failure to present issues well." *Id.* at 724 (quoting *Reed v. State,* 856 N.E.2d 1189, 1195 (Ind. 2006)). Stahl's claim falls into the second category.[1] He contends that, in sentencing him, the trial court "did take things into account which were improper, including factors which are elements of the crimes for which Petitioner was convicted [.]" *Brief of Appellant* at 17. Specifically, he claims (1) the trial court cited elements of the offenses of which he was convicted as aggravating circumstances, (2) considered evidence that was presented at the sentencing hearing but had not been introduced at trial and not disclosed to Stahl until the day of the sentencing hearing, (3) considered unrelated misconduct in a different state, and (4) noted that Stahl took advantage of an elderly victim. According to Stahl, had appellate counsel raised these issue on direct appeal, "there is a reasonable probability that the appellate court would have granted relief to petitioner and that the facts shown are sufficient to undermine confidence in the outcome that the Court did breach in its sentencing order." *Id.* at 18-19.

To prevail on a claim of ineffective assistance of counsel for failing to raise an issue on appeal, "the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential." *Garrett v. State*, 992 N.E.2d at 724 (quoting

---

[1] Stahl also includes in this discussion the allegation "that at no time did [Stahl] have any contact with his appointed appellate Counsel." *Brief of Appellant* and 17. If this was intended as an argument that he received ineffective assistance of appellate counsel because counsel did not have contact with him, it falls considerably short of the requirements of Rule 46 (A)(8) of the Indiana Rules of Appellate Procedure, which provides that contentions must be supported by cogent argument and reasoning, complete with citation to authority. Therefore, the argument is waived. *See Harman v. State*, 4 N.E.3d 209 (Ind. Ct. App. 2014), *trans. denied.*

*Ben–Yisrayl v. State,* 738 N.E.2d 253, 260–61 (Ind. 2000), *cert. denied*, 534 U.S. 1164 (2002)). We apply the following test when evaluating the performance element of the *Strickland* test: (1) Are the unraised issues "significant and obvious from the face of the record", and (2) are the unraised issues "clearly stronger" than the raised issues? *Id.* If this analysis demonstrates deficient performance, then we evaluate the prejudice element by examining whether "the issues which ... appellate counsel failed to raise would have been clearly more likely to result in reversal or an order for a new trial." *Id.* (*Bieghler v. State,* 690 N.E.2d 188, 194 (Ind. 1998), *cert. denied*, 525 U.S. 1021) (quotation omitted).

Stahl first complains that appellate counsel rendered ineffective assistance in failing to appeal the trial court's citing elements of the offenses of which he was convicted as aggravating factors. In the present posture, he is required to do more than allege trial court error; he must explain why the unraised issue was "significant and obvious" and how the issue is "clearly stronger" than the issues raised on direct appeal. *See, e.g., Reed v. State,* 856 N.E.2d at 1196 and 1198, respectively. In fact, his argument on all of the claims raised in this category suffer from the same fatal deficiencies. The issues are raised in the context of the ineffective assistance of appellate counsel and require argument and analysis concerning the legal viability and relative strength of those arguments vis-à-vis the issues raised on direct appeal. Yet, Stahl's argument, such as it is, is devoid of any discussion of these matters and indeed seems more appropriate for a direct-appeal challenge to the reasonableness of the sentence. In short, Stahl identifies the issues and states the conclusions, but provides no legal argument germane to the issue of ineffective assistance

6

of appellate counsel which guides us from one to the other.  The issue of the ineffective assistance of appellate counsel is therefore waived.  *See Lyles v. State*, 834 N.E.2d 1035 (Ind. Ct. App. 2005), *trans. denied*; App. R. 46(a)(8).

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.