## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 20 2015, 9:40 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Charles M. Woolsey
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Charles M. Woolsey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 20, 2015

Court of Appeals Cause No.
19A01-1407-CR-301

Appeal from the Dubois Superior Court
Cause No. 19D01-9611-DF-1081

The Honorable Mark McConnell, Judge

**Barnes, Judge.**

## Case Summary

Charles Woolsey appeals the post-conviction court's summary disposition of his petition for post-conviction relief. We reverse and remand.

## Issue

Woolsey raises one issue, which we restate as whether the post-conviction court erred by summarily disposing of his petition for post-conviction relief.

## Facts

In 1996, Woolsey was charged with Class D felony possession of a controlled substance. Woolsey apparently had other pending charges for a Class D felony and several misdemeanor charges in other cases. In 1997, Woolsey entered into a plea agreement that resulted in him pleading guilty to several charges and the dismissal of several other charges. In this cause number, Woolsey pled guilty to Class D felony possession of a controlled substance. The trial court sentenced him to one and one-half years at the Dubois County Security Center to be served consecutively with a sentence imposed in another cause, suspended on the condition that Woolsey serve nine months in home detention.

In 2014, Woolsey filed a petition for post-conviction relief. Woolsey alleged that his guilty plea was "not knowingly or intelligently entered, as he did not receive effective assistance of counsel." App. p. 66. According to Woolsey, the deputy claimed that he had observed Woolsey discard a "placidyl pill from his pants pocket, thusly abandoning same." *Id.* at 59. Woolsey claims that the pill was actually seized from between the vehicle seats during an illegal search.

According to Woolsey, he advised his trial counsel of the allegedly false report and his trial counsel "advised petitioner to plead, irrespective of the false statements and illegal search, as to do so would allow him to retain his Driving privileges." *Id.*

[5] The State filed an answer alleging that Woolsey's petition "fails to create any genuine issue of material fact, because it does not allege specific facts which, if proved, would suffice to establish any grounds for post-conviction relief." *Id.* at 51. Specifically, the State argued that Woolsey failed to show there was a reasonable probability that he would have prevailed at trial if his trial counsel had filed a motion to suppress. The State also alleged that Woolsey had "unreasonably delayed in petitioning for relief and such delay" had prejudiced the State. *Id.* Woolsey responded, arguing that summary disposition was inappropriate, that his petition was timely, and that he was entitled to an evidentiary hearing on his claim.

[6] The post-conviction court summarily denied Woolsey's petition for post-conviction relief. The post-conviction court concluded:

> 2. The record herein reveals that Defendant entered a guilty plea after being advised of the charge, the statute he allegedly violated, the possible penalties upon conviction and his rights. A guilty plea under such circumstances constitutes a waiver of Defendant's rights and an admission of guilt. This record establishes that Defendant's guilty plea was knowingly, voluntarily and intelligently entered into; directly contradicts any allegation of ineffective assistance of counsel; and

precludes setting aside his conviction entered pursuant to the guilty plea.

3. There is no genuine issue of fact raised by Defendant's Petition for Post-Conviction Relief and the State is entitled to judgment on said petition as a matter of law pursuant to Rule PC 1, Section 4(g).

App. pp. 20-21. Woolsey now appeals.

# Analysis

[7] The petitioner in a post-conviction proceeding bears the burden of proof, and an unsuccessful petitioner appeals from a negative judgment. *Pruitt v. State*, 903 N.E.2d 899, 905 (Ind. 2009). A petitioner appealing from a negative judgment must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.* We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. *Id.*

[8] The post-conviction court granted summary disposition based on Indiana Post-Conviction Rule 1(4)(g), which allows a post-conviction court to grant a motion by either party:

> when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Under Rule 1(4)(g), we would review the ruling in the same manner as a motion for summary judgment. *See Allen v. State*, 791 N.E.2d 748, 753 (Ind. Ct. App. 2003*), trans. denied.* However, because no depositions, answers to interrogatories, admissions, stipulations of fact, or affidavits were submitted, we believe the summary disposition was entered pursuant to Post-Conviction Rule 1(4)(f), which provides: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

[9] "When a court disposes of a petition under subsection f, we essentially review the lower court's decision as we would a motion for judgment on the pleadings." *Id.* "The court errs in disposing of a petition in this manner unless 'the pleadings conclusively show that petitioner is entitled to no relief.'" *Id.* at 752-53 (quoting P-C.R. 1(4)(f)). If the petition alleges only errors of law, the court may determine without a hearing whether the petitioner is entitled to relief on those questions. *Id.* at 753. When a petitioner alleges ineffective assistance of counsel, and the facts pled raise an issue of possible merit, the petition should not be summarily denied. *Kelly v. State*, 952 N.E.2d 297, 300 (Ind. Ct. App. 2011).

[10] The post-conviction court found that Woolsey's guilty plea precluded a finding of ineffective assistance of counsel. However, our supreme court has held that, where a petitioner has pled guilty, claims of ineffective assistance of counsel are analyzed under a methodology set out in *Segura v. State*, 749 N.E.2d 496 (Ind. 2001). "[I]n order to establish that the guilty plea would not have been entered

if counsel had performed adequately, the petitioner must show that a defense was overlooked or impaired and that the defense would likely have changed the outcome of the proceeding." *Segura*, 749 N.E.2d at 499. "When a post-conviction allegation of ineffective assistance relates to trial counsel's failure to raise a defense . . . *Segura* requires that the prejudice from the omitted defense . . . be measured by . . . evaluating the probability of success of the omitted defense at trial." *Willoughby v. State*, 792 N.E.2d 560, 563 (Ind.Ct.App.2003), *trans. denied*. Consequently, Woolsey must demonstrate a reasonable probability that he would have succeeded at trial if a motion to suppress had been made and sustained. *See Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009).

[11] The State argues that the facts alleged by Woolsey "could not support a finding of ineffective assistance of counsel, as they aver that Petitioners and the arresting officer were the only persons present when the pill was found and they offered conflicting accounts of how the drugs were discovered."[1] Appellee's Br. p. 11. According to the State, "Such would not have supported a successful motion to suppress the controlled substance, and trial counsel's advice to enter into the plea agreement was the most professionally supportable representation he could offer under these averred circumstances." *Id.* However, we cannot say that, as a matter of law, the trial court would have believed the police officer instead of Woolsey. The petition and State's answer provide minimal

---

[1] The State also argues that Woolsey's argument is waived for failure to cite appropriate authorities. However, we are able to discern Woolsey's argument, and we conclude it is not waived.

information regarding Woolsey's conviction. It is not possible to say conclusively, based merely on the pleadings, that Woolsey's petition could not be successful. We emphasize that, if the facts pled raise an issue of possible merit, then the petition should not be summarily disposed of even though the petitioner has only a remote chance of establishing his or her claim.[2] *Allen*, 791 N.E.2d at 753.

## Conclusion

Because Woolsey pled sufficient facts to raise an issue of possible merit, we find that the post-conviction court erred in summarily denying his post-conviction relief petition. As a result, we reverse and remand for further proceedings on Woolsey's ineffective assistance of counsel claim.

Reversed and remanded.

May, J., and Pyle, J., concur.

---

[2] The State did not address its laches affirmative defense on appeal. We note that there is also not enough information in the pleadings regarding this issue to conclusively make a determination. That issue would also be more appropriately addressed in an evidentiary hearing or through the submission of evidence.