## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 10 2017, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lorie Bohannon
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lorie Bohannon,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 10, 2017

Court of Appeals Case No.
49A04-1609-CR-2152

Appeal from the Marion Superior
Court

The Honorable William J. Nelson

Trial Court Cause No.
49G18-1502-F6-4352

**Najam, Judge.**

# Statement of the Case

Lorie Bohannon appeals her conviction for theft, as a Level 6 felony, following a bench trial. Bohannon raises seven issues for our review, but we consider only the following three issues:

1. Whether the trial court erred when it considered video evidence.

2. Whether the State presented sufficient evidence to support Bohannon's conviction.

3. Whether Bohannon has demonstrated that she received ineffective assistance from her trial counsel.

We affirm.[1]

# Facts and Procedural History[2]

On February 5, 2015, Bohannon went to the Beech Grove Walmart and proceeded with a number of items to the self-scan checkout station. There, Bohannon placed a stack of steaks, valued at $140, which she had placed inside one plastic bag, on the scanner such that only the bottom steak was scanned. Bohannon then placed the steaks back in her shopping cart and proceeded to

---

[1] Bohannon also asserts that she was falsely imprisoned by a Walmart employee, but that argument was not developed below and has no relevance to this appeal from her conviction and sentence. Accordingly, we dismiss Bohannon's apparent attempt to raise for the first time in this criminal appeal her putative civil claim.

[2] Bohannon's appendix does not comply with Indiana Appellate Rule 50(B)(1), and the Statement of Facts in her appellate brief is not in accordance with our standard of review, which is contrary to Appellate Rule 46(A)(6)(b).

exit the building. At the exit, Kristopher Britton and another Walmart employee, who both had observed Bohannon's actions, stopped her, and police, who had already arrived, arrested Bohannon.

[4] The State charged Bohannon with theft, as a Level 6 felony.[3] At her ensuing bench trial, Britton testified as to his observations of Bohannon on February 5. During his testimony, the State had surveillance video, which consisted of three different angles showing Bohannon inside the Walmart, admitted into evidence. Bohannon's counsel informed the court that he had "no objection" to the admission of the video. Tr. Vol. 2 at 9. However, Bohannon's counsel stated that he was "concerned" and wanted "the entire video to be presented" rather than "portions of the video." *Id.* at 11. The total video time was about ninety minutes. The trial court, however, noted that there was "a lot of silent time" with portions that were not "really relevant." *Id.* at 13. Accordingly, the State asked "to play [the video] at a times 4 speed." *Id.* at 16. The court responded: "let's try it . . . and if you [Bohannon] object . . . or if I don't understand what's going on, then we'll back it back down to normal speed." *Id.* Bohannon did not object.

[5] Following Britton's testimony and description of the video evidence, Bohannon testified in her own defense. She stated that, while it looked like she was attempting to leave the Walmart with unpaid goods, she was actually "waitin[g]

---

[3] Bohannon's theft offense was elevated to a Level 6 felony based on prior, unrelated convictions.

on my brother to come so that I could pay" for those items. *Id.* at 62. Bohannon's brother also testified and confirmed that Bohannon had texted him and mentioned the unpurchased meat.

[6] The court found Bohannon guilty as charged. According to the court:

> [Bohannon] . . . clearly pushed the cart past the . . . EAS [security] towers into the area towards the exit . . . . [S]he clearly did not pay for the meat . . . [or] 15 [other] unpaid items . . . . [T]he behavior of Ms. Bohannon [in the video] was very strange, I mean, it really was. [B]ut on top of it all, her admission to her brother that hey, I didn't pay for this meat, . . . and then[,] in the Court's opinion, after th[at] evidence, [she] attempted to leave the store by passing all points of payment, which is the threshold that the Court can use in this case to determine whether or not she intended to deprive Walmart of the use of value of the items. And . . . I think it's enough, so I'm finding her guilty of theft.

*Id.* at 85-86. The court entered its judgment of conviction and sentenced Bohannon accordingly. This appeal ensued.

## Discussion and Decision

### Issue One: Admission of Evidence

[7] We first consider Bohannon's argument on appeal that the trial court erred when it "allow[ed] the video evidence to be admitted without being completely viewed, not being complete footage of the defendant in the store, and played at a faster[-]than[-]real[-]time speed . . . ." Appellant's Br. at 11. We generally review the trial court's decision to admit evidence for an abuse of discretion. *E.g.*, *McManus v. State*, 814 N.E.2d 253, 264 (Ind. 2004). But Bohannon did not

object to the State's request to admit the video evidence. Bohannon also did not object when the trial court proposed to watch the video at an accelerated speed. As such, Bohannon has not preserved this issue for appellate review, and we will not consider it.[4] *E.g.*, *Lockhart v. State*, 609 N.E.2d 1093, 1098 (Ind. 1993).

### Issue Two: Sufficiency of the Evidence

[8] We next consider Bohannon's argument that the State failed to present sufficient evidence to support her conviction.[5] Our standard of review is clear: in reviewing such claims, we will consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom. *Leonard v. State*, 73 N.E.3d 155, 160 (Ind. 2017). We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* We will neither reweigh the evidence nor reassess the credibility of witnesses. *Id.*

[9] To show that Bohannon committed theft, as a Level 6 felony, the State was required to prove beyond a reasonable doubt that Bohannon knowingly or intentionally exerted unauthorized control over the property of another person,

---

[4] Relatedly, Bohannon argues that the trial court committed judicial misconduct in the manner in which it viewed the video and that the prosecutor committed misconduct in presenting the video at an accelerated rate. But Bohannon did not object to the alleged misconduct below and therefore has not preserved our review of those claims. In any event, her arguments on appeal are not supported by cogent reasoning. App. R. 46(A)(8)(a). Further, Bohannon does not argue on appeal that any of her challenges to the video evidence demonstrates fundamental error. *See id.*

[5] We agree with the State that Bohannon's apparent Issue 5 is superfluous to this issue.

with the intent to deprive the other person of any part of its value or use, and that she had a prior unrelated conviction for theft or criminal conversion. Ind. Code § 35-43-4-2(a)(1)(C) (2014). On appeal, Bohannon asserts only that the State failed to prove that she intended to deprive Walmart of the value or use of the steaks.

[10] We cannot agree. The evidence shows that Bohannon passed a stack of steaks over a self-scan checkout such that only the bottom steak was scanned. Bohannon then placed all the steaks in her shopping cart and went past security checkmarks to the store's exit. The trial court was free to conclude that that evidence demonstrated Bohannon's intent to deprive Walmart of the value or use of the steaks. Bohannon's argument to the contrary on appeal simply asks us to reweigh the evidence to give her self-serving testimony controlling weight, which we will not do. The State presented sufficient evidence to support Bohannon's conviction.

### Issue Three: Effective Assistance of Counsel

[11] Bohannon next asserts that her trial counsel rendered ineffective assistance.

> When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing

*Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

*Humphrey v. State*, 73 N.E.3d 677, 682 (Ind. 2017).

[12] According to Bohannon, her trial counsel rendered ineffective assistance because he did not present evidence to show that Bohannon was allergic to shellfish, which (according to Bohannon) would have made it unlikely that she would have stolen a bag of shrimp. Bohannon further asserts that her counsel rendered ineffective assistance because he did not introduce documents that would have shown that "all but 4 of the items alleged . . . were indeed paid for." Appellant's Br. at 10.

[13] Bohannon has not demonstrated ineffective assistance of counsel. Even if we were to accept Bohannon's argument on appeal, the fact remains that the State showed that Bohannon attempted to leave Walmart with numerous, unpaid-for steaks. That was enough to support Bohannon's conviction, and her challenge to her counsel's assistance does not affect that evidence. In other words, Bohannon has presented no cogent argument to show that any error in her counsel's conduct resulted in prejudice to her. Thus, we reject Bohannon's argument.

## *Conclusion*

[14] In sum, we affirm Bohannon's conviction for theft, as a Level 6 felony.

[15] Affirmed.

Kirsch, J., and Brown, J., concur.