## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2018, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua S. Jessup,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 30, 2018

Court of Appeals Case No.
18A-CR-1343

Appeal from the
Henry Circuit Court

The Honorable
David L. McCord, Judge

Trial Court Cause No.
33C03-1708-CM-793

**Kirsch, Judge.**

[1] Joshua S. Jessup ("Jessup") appeals his conviction for Class B misdemeanor possession of marijuana,[1] raising the following restated issue: whether the State presented sufficient evidence to support Jessup's conviction.

[2] We affirm.

## Facts and Procedural History

[3] On August 14, 2017, Officer Donald McClure ("Officer McClure") responded to a dispatch regarding an intoxicated man who had fallen. *Tr. Vol. II* at 6. Officer McClure had served as a law enforcement officer for about nine years, had been trained to recognize marijuana by odor and color, and had made arrests or been "involved in" approximately thirty marijuana-related cases. *Id.* at 5-6.

[4] When Officer McClure arrived, several EMTs were standing around Jessup and speaking with him. *Id.* at 7. Officer McClure also spoke with Jessup, who kept reaching down to his lower pants' pocket. *Id.* Officer McClure asked Jessup what was in the pocket, and Jessup admitted that he had a "joint." *Id.* at 8. Officer McClure removed the joint from Jessup's pocket, which turned out to be two hand-rolled joints, one unburnt and unconsumed, and the other burnt and half consumed; both were stored in a cigarette box. *Id.*; *Ex. Vol. 3, State's Ex. 2* at 7. Jessup was charged with possession of marijuana, a Class B

---

[1] *See* Ind. Code § 35-48-4-11(a)(1).

misdemeanor. *Appellant's App. Vol. II* at 6. At the bench trial, Officer McClure testified that the intact joint smelled of raw marijuana and that the half-burned joint smelled of burnt marijuana. *Tr. Vol II* at 8. Jessup did not object to this testimony. *Appellant's Br.* at 5. During later testimony, Officer McClure identified the items in State's Exhibit 2 as marijuana. *Tr. Vol. II* at 10. Jessup did not object to this testimony either. The trial court found Jessup guilty as charged, stating "the officer testified that in his training and experience that he smelled the marijuana." *Id.* at 18. Jessup now appeals.

## Discussion and Decision

[5] When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the verdict. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). The fact-finder, not the appellate court, assesses witness credibility and the weight of the evidence to determine if the evidence supports a conviction. *Id*. When we confront conflicting evidence, we consider the evidence most favorable to the trial court's ruling. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Thus, the evidence need not overcome every reasonable hypothesis of innocence. *Id.* at 147.

[6] To obtain a conviction for Class B misdemeanor possession of marijuana, the State must prove that a person knowingly or intentionally possessed marijuana. *See* Ind. Code § 35-48-4-11(a). "The identity of a controlled substance may be

established through witness testimony and circumstantial evidence." *Yoakum v. State*, 95 N.E.3d 169, 175 (Ind. Ct. App. 2018) (citing *Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009), *trans. denied*). "The opinion of someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence. Although chemical analysis is one way, and perhaps the best way, to establish the identity of a compound, persons experienced in the area may be able to identify cigarette smoke, [and] marijuana . . . . ." *Id.* (citation omitted).

[7] Where an appellant has failed to object to the admission of evidence at trial, we may review an evidentiary claim only if the appellant demonstrates fundamental error. *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014). "The fundamental error exception is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). Such error is so prejudicial to a defendant that a fair trial is impossible. *McKinley v. State*, 45 N.E.3d 25, 28 (Ind. Ct. App. 2015).

[8] Here, Jessup contends that even though Officer McClure's testimony established his training and experience regarding the identification of marijuana, his testimony did not establish a sufficiently specific foundation for his conclusion that Jessup was possessing marijuana. Jessup contends that the State's foundational evidence should have addressed 1) whether Officer McClure himself had seized the marijuana in the previous cases; 2) whether the

marijuana in previous cases was field tested or lab tested; and 3) whether Officer McClure was a certified drug recognition expert or had even successfully completed his training. *Appellant's Br.* at 6. Recognizing that he failed to object to the State's foundation, Jessup contends that the allegedly inadequate foundation constitutes fundamental error.

[9] We reject Jessup's argument and find that the foundation for Officer McClure's testimony was sufficiently specific. Thus, we find no error, fundamental or otherwise. It is well established that testimony covering the basics of an officer's training and experience is adequate to establish an adequate foundation for an officer's testimony about the identity of a controlled substance. *See, e.g., Vasquez v. State*, 741 N.E.2d 1214, 1217 (Ind. 2001); *Clifton v. State*, 499 N.E.2d 256, 258 (Ind. 1986); *Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009); and *Boggs v. State*, 928 N.E.2d 855, 865 (Ind. Ct. App. 2010), *trans. denied*. Here, Officer McClure's testimony about his training and experience in identifying marijuana by odor and color and his involvement in thirty marijuana-related arrests more than adequately fulfilled the requirements of the foundation. Thus, Officer McClure's testimony that the controlled substance that Jessup possessed was marijuana, in addition to Jessup's admission that he was carrying joints in his pocket, provided sufficient evidence for Jessup's conviction for Class B misdemeanor possession of marijuana.

[10] Affirmed.

Vaidik, C.J., and Riley, J., concur.